IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MANH DO**, | : CIVIL ACTION NO. 1:12-CV-0257 |
| Petitioner | : (Judge Conner) |
| v. | : |
| **WARDEN MARY SABOL**, *et al.*, | : |
| Respondents | : |

## ORDER

AND NOW, this 4th day of April, 2012, upon consideration of the petition for writ of habeas corpus (Doc. 1), in which petitioner, a native and citizen of Vietnam admitted to the United States at Philadelphia, Pennsylvania as a lawful permanent resident on January 11, 1982 (Doc. 11, at 65), presently detained by Bureau of Immigration and Customs Enforcement ("ICE"), challenges his mandatory detention pursuant to 8 U.S.C. § 1226(c), which provides that the Attorney General shall take into custody any alien who is inadmissible or deportable pursuant to certain sections of Title 8 of the United States Code "when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation . . . ," and it appearing that petitioner was served with a Notice to Appear on November 1, 2011 (Doc. 11, at 65), alleging that he is removable under Section 237(a)(2)(A)(iii) due to March 9, 1995, convictions for burglary and theft by receiving stolen property for which he was sentenced to a term of imprisonment of six months to one year, and Section 237(a)(2)(C) as a result of a March 18, 2002, conviction for possession of a firearm without authorization for which he received a

sentence of two years probation (Doc. 1, at ¶ 10; Doc. 11, at 65), and it appearing that petitioner argues that because he was not taken into ICE custody when he was released from his qualifying sentences but, rather, was taken into custody nine years after his most recent release (Doc. 1, at ¶ 11), he is not subject to the mandatory detention provision, and it appearing that respondents argue that his mandatory detention pursuant to 8 U.S.C. § 1226(c) is authorized and that petitioner's reading of the statute is "plainly contradicted by the governing administrative precedent of the Board of Immigration Appeals ('BIA'). See Matter of Rojas, 23 I. & N. Dec. 117, 127 (BIA 2001)" (Doc. 11, at 14), and, this Court, having considered all the arguments, agrees with petitioner's position and concludes that because he was not taken into immigration custody when he was released from his qualifying offenses, but, instead, was taken into custody nine years following his release, § 1226(c) does not apply and he is entitled to an individualized bond hearing[1], it is hereby ORDERED that:

---

[1]The United States Court of Appeals for the Third Circuit has not yet addressed this issue. However, in arriving at this conclusion, this Court joins the vast majority of federal courts that have addressed the issue and have found that the mandatory detention provision was intended only to apply to non citizens who are detained *at the time of their release* from criminal custody for an enumerated offense under 8 U.S.C. § 1226(c). See Ortiz v. Holder, No. 1:11CV1146 DAK, 2012 WL 893154, at *3, n. 4 (D. Utah March 14, 2012) (collecting cases).

1. The petition for writ of habeas corpus is GRANTED.

2. Respondents shall provide to petitioner an individualized bond hearing pursuant to 8 U.S.C. § 1226(a)(2) with an Immigration Judge forthwith and, in any event, no later than April 11, 2012.

3. Respondents shall file a notification with the Court that petitioner has received an appropriate individualized bond determination on or before April 13, 2012.

4. Petitioner's request for fees (Doc. 1, at 12, ¶ d) under the Equal Access to Justice Act, 28 U.S.C. § 2412, is DENIED without prejudice.[2]

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] Section 2412(d)(1)(A) provides that "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." The lack of Third Circuit law on this critical issue, as well as the BIA's decision in Matter of Rojas, prompt the conclusion that respondents' position herein was not substantially unjustified. An award of attorney fees is therefore not warranted. See Dang v. Lowe, No. 1:CV–10–0446, 2010 WL 2044634, at *2 (M.D.Pa. May 20, 2010) (no attorney fees awarded); Burns v. Cicchi, 702 F. Supp.2d 281, 294 (D.N.J.2010) (denying request for attorney fees on identical issue, since no circuit precedent).